COMMONWEALTH *vs.* JULIUS S. SMITH.

Suffolk.    February 4, 1889. — March 1, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Complaint — Sale of Skimmed Milk — Notice to or Knowledge of Buyer —*
*Question of Fact for Jury.*

At the trial of a complaint, on the St. of 1886, c. 318, § 2, for selling milk not of the standard quality, there being evidence that the milk was skimmed milk and sold from a measure duly marked, the jury were instructed that the defendant would be liable unless he sold the milk not as pure milk but as skimmed milk, and, further, that he would be liable unless the buyer had notice or knowledge that the milk was skimmed milk. *Held,* that the latter instruction was erroneous.

COMPLAINT alleging that the defendant, on August 1, 1888, " did sell to one Walter C. Babcock a certain quantity, to wit,

one pint, of milk not of good standard quality, that is to say, milk then and there containing less than thirteen per centum of milk solids."

At the trial in the Superior Court, before *Staples*, J., Babcock testified that, at the instance of the milk inspector, he went to the defendant's grocery store in Boston and simply asked for a quart of milk; that the defendant took an empty can which he had with him to an ice chest in the rear part of his store, and then brought it back with a quart of milk in it, for which he gave the defendant six cents; that he did not know what kind of milk was sold there, or what he was expected to get; and that he handed over the milk to the milk inspector. A chemist, one of the milk inspector's assistants, testified that he made an analysis of the milk brought in by Babcock; that while it contained less than thirteen per cent of milk solids, it contained more than the amount required for skimmed milk.

The defendant testified that he did not remember Babcock, or know whether he sold him milk or not; that he was in the habit of buying skimmed milk for sale, which he resold at a profit; that he sold such milk, including the milk in question, from a measure which had the words " skimmed milk " marked upon it as required by law; that he had sold such milk for four years, and his customers were generally regular customers, who knew the kind of milk he kept; that if any one asked for a quart of milk, he would not tell him that it was skimmed milk; and that he usually took the purchaser's can, went to his ice chest, got the milk from it, and put it into the customer's can.

The defendant asked the judge to rule as follows:

" 1. If the jury find and believe that the defendant sold milk of the legal skimmed milk standard out of a can or measure legally marked skimmed milk, they cannot convict on this complaint. 2. Selling such milk out of a can or measure so marked, with no representation save what is indicated by that marking, would be in law a sale of skimmed milk. 3. When milk of legal standard quality for skimmed milk is sold from a can or measure legally marked skimmed milk, no statement need be made by the seller to the buyer that the milk is skimmed milk, the marking alone is sufficient. 4. If the jury find and believe that milk from which the cream or some portion thereof was

removed, was sold as pure milk, they cannot convict under this complaint."

The judge refused to give the first and fourth instructions requested, but gave the second, with the addition of the words, " if through the marking actual notice was given to the buyer of the kind of milk which he bought," and also gave the third instruction with the omission of the final words, " the marking alone is sufficient." The judge then instructed the jury, that notice of the quality of the milk must be given in some way ; that the marking would be sufficient if it gave the notice ; it is sufficient if the buyer was informed by it, or if it was understood by or known to the buyer that the article he buys is skimmed milk, but in some way that there must be notice or knowledge, either by marks or in some other way; that the defendant would be liable unless he sold the milk not as pure milk, but as skimmed milk, and out of a can or measure marked as the law requires ; and that in order to his defence it must appear that the milk was sold as skimmed milk, and from a measure or can lawfully marked ; both must concur.

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*F. G. Holcombe,* for the defendant.

*A. J. Waterman,* Attorney General, *& H. C. Bliss,* First Assistant Attorney General, for the Commonwealth.

W. ALLEN, J. The complaint is for selling milk not of the standard quality of pure milk, that is, milk containing less than thirteen per cent of milk solids. The defendant had a right to sell skimmed milk, which is not of the standard quality of pure milk, from cans marked in a certain manner. If he sold milk not of the standard quality of pure milk, and not sold as skimmed milk from duly marked vessels, he would be liable on this complaint; if he sold milk as skimmed milk from duly marked vessels, he would not be liable. *Commonwealth* v. *Tobias,* 141 Mass. 129. Upon evidence tending to prove that the milk sold was skimmed milk, and that it was sold from a measure duly marked, the jury were instructed that the defendant would be liable, unless he sold the milk, not as pure milk, but as skimmed milk.

The jury were further instructed, that the defendant would

be liable unless the buyer had notice or knowledge that the milk was skimmed milk. We think this instruction was wrong. The question whether the defendant sold the milk as skimmed milk or as pure milk was a question of fact for the jury upon all the evidence. The fact that the buyer did not know that he bought skimmed milk would not afford an inference of law that the seller sold it as pure milk. If the defendant sold the milk in the lawful and the usual manner in which he sold skimmed milk, and for the usual price of such milk, and if he had reason to believe that that was what the purchaser intended to call for and expected to receive, it would be competent for the jury to find that he sold it as skimmed milk, and not as pure milk, although he may have mistaken the intention of the purchaser.

*Exceptions sustained.*